IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EMANUEL R. GHEBREMICHAEL and ) | Civil No. 1:12-cv-02282 |
| ERG FINANCIAL CORPORATION (d/b/a ) | |
| Instant Tax Service), ) | |
| ) | |
| Defendants. ) | |

### STIPULATED ORDER FOR PERMANENT INJUNCTION AGAINST EMANUEL R. GHEBREMICHAEL AND ERG FINANCIAL CORPORATION

Plaintiff, the United States of America, and defendants, Emanuel R. Ghebremichael and ERG Financial Corporation, d/b/a Instant Tax Service ("ERG"), stipulate and agree as follows:

1. The United States of America filed a complaint under 26 U.S.C. §§ 7402, 7407 and 7408 of the Internal Revenue Code ("I.R.C.") against Ghebremichael and ERG Financial ("Defendants") alleging, among other things, that Defendants improperly file tax returns based on paystub information and/or without proper customer authorization, sell false and deceptive loan products, and charge their customers unconscionable fees. The complaint also alleges that Defendants prepare tax returns that improperly reduce their customers' reported tax liabilities, report bogus dependents and false filing statuses, and claim improper education credits, fraudulent itemized deductions, and fraudulent refunds by reporting false or inflated Schedule C income and expenses to obtain improper Earned Income Tax Credits.

2. Defendants admit that the Court has personal jurisdiction over them pursuant to 28 U.S.C. §§ 1340 and 1345, and subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(a), 7407(a) and 7408(a).

3. Defendants, without admitting any of the allegations in the complaint, waive the entry of findings of fact and conclusions of law and voluntarily consent to the entry of this permanent injunction without further notice and agree to be bound by its terms.

4. Defendants further understand and agree that:

   a. The Stipulated Order For Permanent Injunction will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a Final Judgment in this matter;

   b. Defendants waive the right to appeal from the Stipulated Order For Permanent Injunction;

   c. The Parties will bear their own costs, including any attorneys' fees or other expenses of this litigation;

   d. The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing the Stipulated Order For Permanent Injunction;

   e. If Defendants violate the Injunction, Defendants may be subject to civil and criminal sanctions for contempt of court;

   f. The United States may conduct full post judgment discovery to monitor compliance with the Injunction.

   g. Entry of this Stipulated Order for Permanent Injunction resolves only this civil injunction action, and neither precludes the government from pursuing any other current or future civil or criminal matters or proceedings, nor precludes the Defendants from contesting liability in any matter or proceeding.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED**, pursuant to I.R.C. §§ 7402, 7407 and 7408, Defendants Emanuel R. Ghebremichael and ERG Financial Corporation, and any individual or entity acting in active concert or participation with them, including representatives, agents, servants, employees, attorneys, family members and/or any person, are **PERMANENTLY ENJOINED** from directly or indirectly, by use of any means or instrumentalities from:

i. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who aid, instruct, assist, encourage, enable, incite, or advise) with respect to the preparation or presentation of any portion of a tax return, claim, or other document, that Defendants know or have reason to know will be used as to a material matter arising under federal tax law, and will result in the understatement of the liability for tax of another person;

ii. Aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who aid, instruct, assist, encourage, enable, incite, or advise) customers to understate their federal tax liabilities or assert unreasonable, frivolous, or reckless positions, or preparing or assisting in the preparation or filing of tax returns for others that Defendants know (or have reason to know) will result in the understatement of any tax liability as subject to penalty under 26 U.S.C. § 6694;

iii. Knowingly and improperly aiding, instructing, assisting, encouraging, enabling, inciting, or advising (or supervising or managing others who improperly aid, instruct, assist, encourage, enable, incite, or advise) customers to avoid the assessment or collection of their federal tax liabilities or to claim improper tax refunds;

iv. Engaging in any activity subject to penalty under 26 U.S.C. § 6695, including failing to (or supervising or managing others who fail to) exercise due diligence in determining customers' eligibility for the Earned Income Tax Credit;

v. Knowingly organizing, promoting, providing, advising, or selling (or supervising or managing others who organize, promote, provide, advise or sell) business or tax services that facilitate or promote noncompliance with federal tax laws; and

vi. Knowingly engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

B. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants and their employees shall, in their preparation of tax returns:

    i. Prepare and file tax returns reporting Schedule C income and expenses only in instances when the customer substantiates with proper documentation the reported income and expenses prior to the filing of the tax return;

    ii. Retain in customer files a copy of all customer records and documentation for at least seven years that substantiate reported Schedule C income and expenses in tax returns they prepare for their customers;

    iii. Retain in customer files all records and documentation for at least seven years that substantiate deductions claimed in tax returns prepared by Defendants.

    iv. Retain in customer files all records and documentation for at least seven years that verify that claimed dependents on tax returns prepared for their customers meet all qualifications for dependent status;

    v. Verify and document the marital status of all customers for whom Defendants prepare a tax return that claims head-of-household status, as well as retain in customer files all records for at least seven years showing that these customers meet all requirements for claiming head-of-household status;

    vi. Retain in customer files all records and documentation for at least seven years that both substantiate all incurred education expenses reported on customer tax returns in connection with any claim for education tax credits and confirm that the customer qualifies for the education tax credit;

    vii. The terms "preparation" or "prepare" in this Order do not include preparing a draft tax return for training purposes or marketing purposes, such as giving a potential customer a general idea as to the amount of his or her federal tax refund, or to estimate the cost of preparing a tax return. If a draft tax return is signed by a taxpayer or by the return preparer or any other individual employed by Defendants, it shall be deemed to not be for training or marketing purposes.

C. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants shall, among their procedures for hiring tax preparers, conduct background checks of all such individuals, including for criminal convictions, and refrain from hiring anyone convicted of a felony relating to fraud, theft or similar conduct, to act as a tax return preparer. In addition, all tax preparers hired by Defendants also shall, pursuant

- 4 -

to I.R.S. Circular 230 § 10.3 and § 10.4, meet the requisite standards prescribed by the I.R.S. to be designated a registered tax return preparer and possess a current and valid preparer tax identification number.

D. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants are permanently enjoined from offering any loan or refund advance product to their customers prior to the first day the I.R.S. accepts the filing of electronic returns, including but not limited to holiday loans or advances, instant cash loans or advances, and refund anticipation loans or advances. Defendants also are enjoined from misleading customers into thinking Defendants offer a loan or refund advance product, if in fact they do not. In the event that a third-party lender provides a refund loan or refund advance product and that refund loan or refund advance product otherwise fully complies with **all federal laws**, including but not limited to the Truth in Lending Act, and fully complies with **all state laws**, including but not limited to all disclosure, finance, lending and usury laws, and that refund loan or refund advance product is offered on or following the first day the I.R.S. accepts the filing of electronic returns, then Defendants also may offer the same refund loan product if the lender providing the product is not undercapitalized, is a genuine third-party lender, and is not affiliated with or owned, controlled, or operated by Defendants, ITS Financial LLC, TCA Financial LLC, Tax Tree LLC, or any individual who is or was an owner, an executive, officer, or employee of ITS Financial LLC, TCA Financial LLC, or Tax Tree LLC in 2012. Defendants, however, are enjoined from misrepresenting the terms, loan amounts, eligibility, and fees or costs associated with such refund loan product to any customer, and from charging unconscionable fees as

indicated in I.R.S. Circular 230 § 10.27, in connection with either the refund loan product or Defendants' tax preparation services.

E. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants are permanently enjoined from filing a tax return using a customer paystub in lieu of a genuine Form W-2 issued by the customer's employer. Defendants are authorized and required to retain a copy of all Forms W-2 used to prepare or file a tax return in each applicable customer's file. Defendants also are enjoined from: (1) obtaining executed forms from their customers authorizing the electronic filing of a customer's tax return until Defendants have first obtained all documentation required for preparation of the tax return, including all Forms W-2, and have prepared the return and had the customer review the return; (2) causing or permitting any document, including tax forms, to bear a signature date other than the date that the signatory actually signed the document; or (3) creating false or purported Forms W-2 using customer paystubs or other information.

F. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that UNDER NO CIRCUMSTANCES SHALL ANY TAX RETURN BE FILED BASED ON A PAYSTUB BY ANY INDIVIDUAL AT INSTANT TAX SERVICE. If Defendants or their employees improperly file more than four (4) tax returns during any tax year based upon information obtained from customer paystubs in lieu of a Form W-2, Defendants shall be permanently enjoined from acting as federal tax return preparers, supervising or managing federal tax return preparers, or assisting with, or directing the preparation or filing of federal tax returns, amended returns, claims for refund, or other related documents, for any person or entity other than themselves, or appearing

as representatives on behalf of any person or organization whose tax liabilities are under examination or investigation by the Internal Revenue Service.

G. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants shall disclose to each of their customers, both in writing and orally, the total amount of fees to be charged *prior* to filing the customer's tax return. Defendants are also permanently barred from charging fees:

   i. That are not disclosed to and agreed to by the client;

   ii. For services that are not performed or for items that do not exist, including, for example, fees described as or substantially similar to Service Bureau fees;

   iii. That, in total, exceed the sum disclosed to the customer and agreed to by the customer prior to the filing of each tax return; or

   iv. That are unconscionable, as indicated in I.R.S. Circular 230 § 10.27.

H. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that for the purpose of determining or securing compliance with this Order, for five years from the date of this order a neutral monitor shall be selected by Defendants and shall be approved by a representative designated by the United States Department of Justice, to monitor Defendants' tax preparation activities. Defendants shall execute all necessary consent forms required under 26 U.S.C. § 6103 for the I.R.S. to communicate directly with the neutral monitor. The neutral monitor shall be an outside entity or person andshall:

   i. Be an enrolled agent or certified public accountant who is compensated by Defendants;

   ii. Commence monitoring activities on the day before Defendants begin preparing or filing federal tax returns for others during each tax season and cease monitoring activities no earlier than April 15 of each year (the "Annual Monitoring Period"). Defendants are enjoined from operating a tax return preparation business without a neutral monitor in place during the Annual Monitoring Period;

iii. Have access to all records, employees, and customers of Defendants, including permission to observe customer interviews conducted by Defendants' tax return preparers;

iv. Randomly select, inspect and review a minimum sample of 250 federal tax returns prepared by Defendants or their employees during the first 10 days of each Annual Monitoring Period, along with the corresponding customer files to ensure substantiation of information reported on each tax return, to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order;

v. Randomly select, inspect and review a minimum sample of 150 federal tax returns prepared on the 11th to 25th day of each Annual Monitoring Period by Defendants or their employees, along with the corresponding customer files to ensure substantiation of information reported on each tax return, to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order;

vi. Randomly select, inspect and review a minimum sample of 25 federal tax returns prepared by Defendants or their employees for the remainder of each Annual Monitoring Period, along with the corresponding customer files to ensure substantiation of information reported on each tax return, to confirm that these returns were not filed using customer paystubs, and to monitor compliance with this Order;

vii. In addition to the samples above, review all federal tax returns prepared by Defendants or their employees during the Annual Monitoring Period that contain a Form Schedule C, along with the corresponding customer files to ensure substantiation of information reported on each tax return and compliance with this Order;

viii. Collectively, during the Annual Monitoring Period, include in the total sample of tax returns selected for review, tax returns prepared at each of Defendants' different business locations; and

ix. Provide a written report to the designated representative of the United States, within thirty days of completion of the Annual Monitoring Period, setting forth in detail the manner and form in which Defendants have or have not complied with the terms of this Order, including the results of the review of tax returns, the identity of any customers whose tax returns fail to comply with the terms of this Order and the identity of those tax return preparers who prepared those non-compliant returns, as well as the amount of fees or other amounts charged to each customer, and any other findings.

I. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants produce to counsel for the United States within 30 days of this injunction order a list that identifies by name, address, telephone number if available, and tax period(s), all persons who have engaged them to file a federal tax return or other tax document since January 1, 2011.

J. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants must send by certified mail an executed copy of this Stipulated Order of Permanent Injunction to all former employees of ERG who Defendants know currently operate a tax return preparation business or are paid tax return preparers. Defendants must mail the copies within 45 days of the date of this Order to the last known address of each of these individuals. The mailings shall include a cover letter in a form agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures except those specifically mentioned herein.

K. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants mail or hand deliver an executed copy of this Stipulated Order of Permanent Injunction to all current employees and all employees hired by ERG for the next three years beginning on December 31, 2012. Defendants must mail the copies or hand deliver the copies to all current employees within 45 days of the date of this Order. The mailings shall include a cover letter in a form agreed to by counsel for the United States or approved by the Court, and shall not include any other documents or enclosures except those specifically mentioned herein.

L. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that Defendants must, within 60 days of the date of this order, file with the Court a sworn certificate stating that they have complied with the requirements set forth in Paragraphs I and J

of this Order, and provide to government counsel a list of the names and addresses of all persons who have been notified.

M. **IT IS FURTHER STIPULATED, AGREED AND ORDERED** that the Court shall retain jurisdiction to enforce this injunction. The United States is permitted to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure to ensure compliance with this permanent injunction.

Consented to and submitted by,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

NATHAN E. CLUKEY
(D.C. Bar No. 461535)
RUSSELL J. EDELSTEIN
(MA Bar No. 663227)
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 616-9067
Facsimile: (202) 514-6770
nathan.e.clukey@usdoj.gov

COUNSEL FOR PLAINTIFF

EMANUEL R. GHEBREMICHAEL
Defendant

ERG FINANCIAL CORPORATION
By Emanuel Ghebremichael, Owner
Defendant

PHILLIP A. TURNER
Law Offices of Phillip A. Turner
100 West Monroe Street
Suite 2204
Chicago, IL 60603
Telephone: (312) 445-9092
Fax: (312) 899-8087
pturner98@sbcglobal.net

COUNSEL FOR DEFENDANTS

**IT IS SO ORDERED**

Signed this _____ day of _____, 2012.

_____
JOHN Z. LEE
United States District Judge